IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jeffrey L. KRAVAT, Attorney at Law.

Supreme Court

*No. 94–0693–D. Filed June 2, 1995.*

(Also reported in 532 N.W.2d 454.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license revoked.*

We review the recommendation of the referee that the license of Jeffrey L. Kravat to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of submitting bills for overstated and unreasonable fees for his work

on cases assigned to him by the State Public Defender in 1989 and 1990. While this disciplinary proceeding was pending, Attorney Kravat was convicted on his no contest plea of felony theft by fraud in his billings to and receipt of payment from the State Public Defender for work he claimed to have done in cases assigned to him. Attorney Kravat made restitution prior to sentencing in that criminal proceeding in the amount of $65,000. Following his criminal conviction, the court, pursuant to SCR 11.03,[1] summarily suspended his license to practice law pending disposition of the instant proceeding.

We determine that the recommended license revocation is the appropriate discipline to impose for Attorney Kravat's professional misconduct in billing and collecting overstated and unreasonable fees for work he claimed to have performed in his representation of indigent defendants on behalf of the State Public Defender. The egregious nature and extent of his misconduct warrant the most severe disciplinary sanction.

Attorney Kravat was admitted to practice law in Wisconsin in 1966 and practiced in Madison. He has not previously been the subject of an attorney disciplinary proceeding. After 14 days of hearing had been

---

[1] SCR 11.03 provides, in pertinent part:

**Suspension on conviction of crime.**

(1)   Summary suspension. Upon receiving satisfactory proof that an attorney has been convicted of a serious crime, the supreme court may summarily suspend the attorney, pending final disposition of a disciplinary proceeding, whether the conviction resulted from a plea of guilty or no contest or from a verdict after trial, and regardless of the pendency of an appeal.

(2)   Serious crime, definition. The term 'serious crime' means a felony or any lesser crime which, in the opinion of the court, reflects upon the attorney's fitness.

held in this proceeding, Attorney Kravat filed a no contest plea to the allegations of the complaint of the Board of Attorneys Professional Responsibility (Board) that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c), by billing his time to the State Public Defender in excess of the work he actually had performed and that he claimed and received unreasonable fees, in violation of SCR 20:1.5(a).[2]

The referee, Attorney John N. Schweitzer, made findings of fact and conclusions of law based on the evidence and testimony presented at the disciplinary hearing and on Attorney Kravat's no contest plea. The referee found that Attorney Kravat had developed a system for recording on time slips work to be billed for public defender clients having more than one pending case assigned to him but he did not adequately explain that system to most of the staff who worked for him during the relevant period, resulting in "massive inflation" of his hours billed for that work. Specifically, Attorney Kravat submitted bills in 1989 claiming more than 24 hours of work performed on each of at least 10 dates and 16 to 24 hours of work on 53 dates. He also submitted bills for work on a matter inadvertently assigned to him that was the duplicate of a case on which he already was working and he separately billed for two case assignments that in fact constituted a single case.

The referee also found that Attorney Kravat charged two or more times on bills submitted for separate cases for a single client, often using slightly different billing entries, claiming payment for work

---

[2] SCR 20:1.5 provides, in pertinent part:

**Fees**

(a)   A lawyer's fee shall be reasonable. . . .

that should have been billed only once. In addition, he billed more than 45 hours of work, including court appearances, for dates he was out of the country on vacation. At times, he charged for work that was unwarranted, including preparation of jury questions in a case that was ready for a dispositional plea hearing. On each of his bills, Attorney Kravat signed the certification that the information recorded on it was true to the best of his knowledge and belief.

Notwithstanding his testimony and the assertion in his no contest plea that he did not knowingly and intentionally bill for work he had not performed, the referee concluded that, at least in part, Attorney Kravat's conduct amounted to intentional fraud. The referee specifically categorized as intentional Attorney Kravat's billings on duplicate case assignments and for a nonexistent case. Even in respect to the billings he was unable to attribute to intentional fraud, the referee considered Attorney Kravat's conduct a "reckless dereliction of duty" warranting license revocation.

In addition to the license revocation to be imposed as discipline, the referee recommended that Attorney Kravat be required to pay the costs of this proceeding. Attorney Kravat objected to a portion of those costs related to preparation of hearing transcripts, some expert witness fees and some of the fees of the Board's counsel. None of those objections has merit.

We adopt the referee's findings of fact and conclusions that Attorney Kravat submitted bills for unreasonable fees to the State Public Defender and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. We determine that his professional misconduct warrants the recommended license revocation.

IT IS ORDERED that the license of Jeffrey L. Kravat to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey L. Kravat pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Jeffrey L. Kravat comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.