IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas J. AWEN, Attorney at Law.

Supreme Court

*No. 96–2520–D. Filed June 20, 1997.*

(Also reported in 564 N.W.2d 326.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee that the license of Thomas J. Awen to practice law in Wisconsin be suspended for 90 days as discipline for professional misconduct. That misconduct consisted of his charging unreasonable fees and engaging in dishonesty, deceit and misrepresentation in his billings to the State Public Defender (SPD) for services in matters to which it had appointed him. The seriousness and extent of that misconduct would warrant discipline substantially more severe than the suspension recommended by the referee or the six-month license suspension sought by the Board of Attorneys Professional Responsibility (Board) in this proceeding were it not for the presence of mitigating factors to which the referee gave great weight. We accept the referee's assessment of those factors in mitigation of the severity of discipline warranted and impose the license suspension recommended.

¶ 2. Attorney Awen was admitted to practice law in Wisconsin in 1988 and practices in Waukesha. He has not been the subject of a prior disciplinary proceeding. The referee, Attorney Michael Ash, made the findings of fact and conclusions of law based on the stipulation of the parties and evidence presented at the disciplinary hearing.

¶ 3. Following his admission to the practice of law, Attorney Awen spent much of his time on appointments from the State Public Defender to represent indigent criminal defendants. A review conducted by the Board of his bills, records and time sheets relating to SPD work in hundreds of cases between July, 1991 and July, 1993 disclosed that Attorney Awen billed and was paid for a substantial number of hours of work that either had not been performed or had been mis-

characterized. For example, in numerous cases he at times billed in excess of 24 hours for a day's work; he billed time for court appearances when court records did not show that a hearing was held or indicated that a hearing was held but for a shorter period of time than claimed; he billed several cases for the same hours he spent waiting in court; he regularly billed more than 18 hours per day for work on numerous cases.

¶ 4. Regarding the matter of his billing of hours spent waiting for court appearances, a judicial court commissioner of the circuit court for Milwaukee county testified at the disciplinary hearing concerning his prior experience serving as SPD-appointed counsel in that county. He described the waiting time for cases to be called as "horrendous." It was customary practice that numerous matters, including trials, would be scheduled for hearing at the same time at the beginning of the morning and at the beginning of the afternoon, but rarely did those matters commence at the time scheduled. Consequently, it was not unusual that lawyers would have to wait several hours for their case or cases to be called.

¶ 5. The court commissioner testified that until late 1993 the written policies and instructions the SPD issued to appointed counsel, which were revised periodically, did not address attorney in-court waiting time, other than expressly to permit it to be billed as "court time," at a higher rate than "out-of-court time." It was his testimony that during 1991 many lawyers acting in SPD-appointed matters in Milwaukee and Waukesha counties believed it was permissible under some circumstances to double or triple bill for court waiting time if the lawyer was waiting for more than one case scheduled for a particular time. It was not until November, 1993, that a revision of the policies

expressly limited the billing of waiting time to only one case and prohibited double billing.

¶ 6. Testimony at the disciplinary hearing also established that under SPD policies in effect during the relevant period, it was proper for an appointed attorney to bill the SPD for routine court appearances made by a lawyer other than the one appointed to the case. However, that substitution was done only in non-substantive matters when the appointed lawyer was unable to appear, and the substitute lawyer had to be certified by the SPD. In such cases, the appointed lawyer would bill the SPD for the time and, after the SPD made payment, then would pay the substitute lawyer who had made the appearance.

¶ 7. Regarding his specific billings, Attorney Awen testified that his appearances at probation and parole revocation hearings before an administrative law judge would not be reflected in the court record. As a result, it appeared that he had billed for "court hearings" that were not substantiated by the court record. He also testified that in instances when he claimed eight hours' time for a jury trial but court records indicated that the trial did not last that long, he had included in his calculation the time for pre-trial and post-trial conferences and waiting time as "court time." Also, some of his apparently excessive or duplicate billings for jail interview time or court time reflected the double billing which was then somewhat common practice. Other apparently excessive billings were accounted for as appearances made on a client's behalf by a colleague, for which Attorney Awen billed the time pursuant to the SPD-approved practice. On several occasions he inadvertently billed the same time for the same case on two separate vouchers submitted to the

175

SPD, but the SPD detected and corrected the errors in the supplemental vouchers.

¶ 8. When he learned that the SPD was going to conduct an audit of his invoices for all of his SPD work, including the two-year period considered in this proceeding, Attorney Awen sought to resolve any problems without litigation. While he was attempting to do so, the SPD commenced a civil action against him. That action was settled by Attorney Awen's agreement to make restitution in the amount of $99,672, of which he has made partial payment and continues to be obligated to make periodic payments through March 1, 2000.

¶ 9. The referee concluded, as the parties had stipulated, that Attorney Awen's billing practices violated SCR 20:8.4(c),[1] which proscribes conduct involving dishonesty, fraud, deceit or misrepresentation, and constituted charging unreasonable fees, in violation of SCR 20:1.5(a).[2] In addition to the 90-day license suspension as discipline for that misconduct,

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[2] SCR 20:1.5 provides, in pertinent part:

**Fees**
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

the referee recommended that reinstatement of Attorney Awen's license be conditioned on his continuing to make the stipulated restitution payments. Finally, the referee recommended that Attorney Awen be required to pay the costs of this proceeding.

¶ 10. In making that recommendation for discipline, the referee considered several factors as mitigating the seriousness of Attorney Awen's misconduct and the severity of discipline to be imposed for it. During the period relevant to this proceeding—July, 1991 to July, 1993—Attorney Awen was a salaried associate of a law firm, and the payment for his SPD work did not go directly to him but was paid to the law firm. Thus, he did not benefit directly from the fees he charged. Also, his time keeping and invoicing practices were "sloppy and careless." He did not monitor closely the revisions in SPD policies, did not total his daily time records, and did not customarily record his time contemporaneously or even on a daily basis. Also, he did not review closely the invoices and vouchers he had his office staff send to the SPD for payment.

¶ 11. In his report, the referee distinguished this case from *In re Disciplinary Proceedings Against Kravat*, 193 Wis. 2d 152, 532 N.W.2d 454 (1995), in which the court revoked the license of an attorney for similar professional misconduct, on the basis of the mitigating

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

factors presented here. The referee was impressed particularly with Attorney Awen's prompt acceptance of responsibility for his conduct and his demonstrated, sincere remorse for it.

¶ 12. We adopt the referee's findings of fact and conclusion of law concerning Attorney Awen's professional misconduct and determine that the recommended 90-day license suspension is appropriate discipline to impose for it under the circumstances presented. Further, we accept the referee's recommended condition and direct that in order for his license to practice law to be reinstated following completion of the period of suspension, Attorney Awen must establish that he is in compliance with the terms of the restitution agreement by which the SPD's civil action was settled. We also order that Attorney Awen pay the costs of this proceeding.

¶ 13. IT IS ORDERED that the license of Thomas J. Awen to practice law in Wisconsin is suspended for a period of 90 days, commencing August 4, 1997.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas J. Awen pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas J. Awen to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that Thomas J. Awen comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.